## CIRCUIT COURT OF HENRICO COUNTY

Bank of Virginia

v.

Marvin A. Harris

November 6, 1981

Case No. A-1184

By JUDGE E. BALLARD BAKER

This is an action on a note, signed by the defendant, Marvin A. Harris on June 24, 1976.

Michael Grubbs had agreed to buy the inventory of West End Auto from Marvin A. Harris for $21,000.00. Louis Birckhead, father-in-law of Grubbs and a Bank of Virginia loan officer, arranged a loan from the Bank to Harris to enable Grubbs to get the money to pay Harris. Bank policy would not permit the loan to be made to Grubbs, so under the arrangement, Harris signed at least two notes, one for $14,500.00 and the June 24 note for $6,500.00. The money went to Grubbs and was used to pay for the inventory.

The $6,500.00 note was never repaid.

As a result of the transaction, Birckhead pled guilty in the U.S. District Court to a criminal charge of misapplying money of the Bank, with intent to defraud, by making the loan of June 24, 1976, to Harris, contrary to Bank instructions to refrain from approving any loans to or dealing with his son-in-law, Grubbs.

Harris defends on the ground that the Bank cannot recover because of the fraudulent act of Birckhead, its agent. Harris admits he signed the note to get the money for Grubbs to pay him which was done, but denies any knowledge of a "scheme" to defraud the Bank. He was aware

that Birckhead could not approve a loan to Grubbs, his son-in-law, or approve a loan in excess of $15,000.00.

In *Dudley v. Estate Life*, 220 Va. 343 (1979), relied on by Harris, a principal was held liable to a third party for fraudulent acts of the principal's agent which resulted in a loss to the third party. The third party was not aware of the nature of the agent's acts.

This case differs.

Birckhead was an authorized agent to make loans for the Bank, but he, Grubbs and Harris knew no loans could be made to Grubbs. Harris agreed to the arrangement which was worked out. Harris received the proceeds of the arrangement, the full $21,000.00. He received this money from an agent he knew exceeded his authority.

In 3 Am. Jur. 2d, *Agency*, § 83, the following appears:

> Every agency is subject to the legal limitation that it cannot be used for the benefit of the agent himself, or of any person other than the principal, in the absence of an agreement that it may be so used. This is a rule of law of which all persons must take notice. Whenever it appears that the interests of an agent and those of his principal are necessarily in opposition in a particular transaction, strangers dealing with the agent are charged with notice of his want of authority to bind the principal by his acts. In perverting his powers to his own personal ends and purposes, an agent acts in excess of his authority, and persons who knowingly participate in such act of perversion, as by purchasing the principal's property with knowledge that the agent intends to convert the proceeds to his own use, are not protected by the authority conferred on the agent.

*See also* 1A M.J., *Agency*, § 24.

There are cases which hold that neither party to an illegal contract may recover on it. 4B M.J., *Contracts*, sect. 125. If the Bank was bound by the act of Birckhead to the extent that the Bank committed an illegal act, the Bank could not recover.

Under the circumstances here, Birckhead acted directly contrary to his authority and Harris knew this. Harris received the benefits of the loan, made contrary to the authority of Birckhead. He knew this was a loan to Grubbs to pay Harris, but that he, Harris, had to sign the note to permit the deal to work out.

Birckhead lacked actual authority and lacked apparent authority for this transaction, as Harris knew.

Harris cannot now rely on any supposed authority in Birckhead to say that the Bank is a party to an illegal act.

Harris received $21,000.00 from the Bank by this deal, and signed the notes. This Court finds no rule of law which would relieve him of liability.